UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

ALBERTO SOLAR SOMOHANO

   Debtor.

_____/

ALBERTO SOLER

   Plaintiff,

v.

FHFA, Government Sponsor Enterprise, *et al.*

   Defendants

_____/

Case No. 20-22697-BKC-AJC

Chapter 7

Adversary No. 21-01054-AJC

## MIAMI-DADE COUNTY'S MOTION TO DISMISS AMENDED COMPLAINT WITH PREJUDICE

Defendant, MIAMI-DADE COUNTY, a political subdivision of the State of Florida (the "County"), moves this Court pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7012, to dismiss the Plaintiff's Amended Complaint (D.E. 25), and in support respectfully represents:

### INTRODUCTION

1. As noted by the Defendants 3DCA and Judge Hanzman in their *Motion to Dismiss* (D.E. 32), the Amended Complaint is only slightly less incomprehensible than Plaintiff's original complaint, but its "continued broad allegations make it unclear for the Defendants as to what, if any, acts or omissions led to any alleged harm to the Plaintiff." (p.2, D.E. 32). The same holds true for the allegations made against the County. There are no allegations of acts or omissions by the County that led to any alleged harm to the Plaintiff.

2. The County should be dismissed with prejudice on many of the same grounds and defenses asserted by Defendants 3DCA and Judge Hanzman (the "3DCA Defendants"), and by Defendants Robertson, Anschutz, Schneid, Crane & Partners, PLLC and Kondaur Capital, LLC ("Robertson Defendants") in their *Motion to Dismiss* (D.E. 11).

**JOINDER**

3. The County joins and specifically incorporates by reference the following arguments and points of law raised by the 3DCA and Robertson Defendants herein in the corresponding Docket Entry: (a) the Amended Complaint is a shotgun pleading that fails to state a cause of action against the County (D.E. 32), and; (b) the relief requested in the Amended Complaint is barred by the Rooker-Feldman doctrine (D.E. 11).

A. **Failure to state a cause of action**

4. As asserted by the 3DCA Defendants, the Amended Complaint is a "shotgun" pleading. *See* 3DCA MTD, D.E. 32. A complaint that "fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *See* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief."). Often, "shotgun pleadings" are "confusing, incoherent, and clogged with seemingly irrelevant…allegations," and are therefore appropriate for dismissal. *Lampkin-Asam v. Volusia County School Board*, 261 Fed.Appx. 274, 277 (11th Cir. 2008).

5. The Amended Complaint names the County as a defendant in Counts 2 and 3, but it is nearly impossible to know which, if any, facts are alleged in support thereof. The defects of the Amended Complaint make it impossible for the County to intelligently respond to the Amended Complaint or determine what defenses they may have. As such, the Amended Complaint

fails to give the fair notice contemplated by Rule 8 of the Federal Rules of Civil Procedure. It is a shotgun pleading and must be dismissed.

6.  In addition, the Amended Complaint fails to state a cause of action against the County for another reason. It seeks relief relating to the foreclosure sale of Plaintiff's father's home several years ago. The County is not involved in foreclosure proceedings. Foreclosure sales and distributions are administered by the Clerk of Court, not by the Mayor's Office or the Board of County Commissioners. The Clerk of Court is an independently elected office. The County Attorney's Office does not represent the Court Clerk's Office. Therefore, the allegations made against the County are misplaced, and the County should be dismissed from this lawsuit with prejudice.

**B.  Rooker-Feldman doctrine bars the relief requested**

7.  As asserted by the Robertson Defendants, the Amended Complaint is barred by the Rooker-Feldman Doctrine. *See* Robertson Defendants MTD, D.E. 11 (citing *Valentine v. BAC Home Loans Servicing, L.P.*, 635 F. App'x 753, 756 (11th Cir. 2015) (citation omitted)).

8.  Here, Plaintiff's claims against the County arise entirely from the state court foreclosure action. The Amended Complaint's Counts—while disjointed, unclear, and lacking critical facts—likewise reflect that they arise from the state court foreclosure litigation. Perhaps most significantly, in his "Prayer for Relief"—which apparently serves as the requested relief for all Counts—Plaintiff asks this Court to second-guess the state court's entry of Final Judgment of Foreclosure. Under the Rooker-Feldman Doctrine, this Court lacks jurisdiction to do so. Amendment cannot cure this Court's lack of jurisdiction. Therefore, dismissal should be granted with prejudice.

4 | P a g e

WHEREFORE, the County respectfully requests the Court dismiss the County from this action with prejudice, and grant such other relief as is just and proper.

        Respectfully submitted,

        GERALDINE BONZON-KEENAN
        Miami-Dade County Attorney

        By: /s/ Ileana Cruz
            Ileana Cruz, Assistant County Attorney
            Florida Bar No. 419140
            Stephen P. Clark Center, Suite 2810
            111 Northwest 1st Street
            Miami, FL  33128-1993
            Telephone:   (305) 375-5296
            Email:   ileanac@miamidade.gov
                         cao.bkc@miamidade.gov

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of this document is being filed electronically via the Clerk's CM/ECF website. Copies of the document will be furnished on July 16, 2021, by Notice of Electronic Filing ("NEF") via the CM/ECF system to those parties and counsel authorized to receive NEF.

        By: /s/ Ileana Cruz
            Ileana Cruz, Assistant County Attorney